985 P.2d 117

STATE of Idaho, Plaintiff–Respondent,

v.

James Michael BLAKE, Defendant–Appellant.

Nos. 23655, 23656, 23694.

Supreme Court of Idaho,
Boise, April 1999 Term.

Aug. 2, 1999.

John M. Adams, Chief Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for appellant. J. Bradford Chapman argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

TROUT, Chief J.

James Blake (Blake) appeals from his judgment and conviction on two drug charges: one count of possession of cocaine and one count of possession of methamphetamine with intent to deliver. At the time, Blake was on probation for a previous drug-related conviction. On appeal, Blake asserts that the trial court improperly instructed the jury on the crime of possession of a controlled substance, arguing that the instructions given allowed the jury to convict without proof of criminal intent. Moreover,

Blake complains that the evidence presented as to the methamphetamine charge was insufficient to support a guilty verdict and that the prosecutor engaged in misconduct denying his right to a fair trial. In a consolidated appeal, Blake asserts that the trial court erred in finding probation violations based on the above convictions and, thus, revoking his probation.

## I. FACTUAL AND PROCEDURAL HISTORY

In December of 1995, Blake was convicted of possession of methamphetamine and felony possession of marijuana for which he received a suspended sentence and three years probation. Blake was again arrested in September 1996 after a vehicle driven by Richard Herndon (Herndon) in which Blake was a passenger was stopped for safety violations. A subsequent consensual search of the vehicle uncovered methamphetamine, a scale, and other paraphernalia. Following a pat down search of Blake at the jail, an officer discovered a sports wallet containing cocaine in Blake's underwear.

Blake was charged with possession of cocaine and possession of methamphetamine with intent to deliver to which he pled not guilty. At trial, Blake did not testify; however, Herndon testified that all of the items found in the car were his, including the sports wallet found during the pat down search of Blake. Herndon stated that there was a warrant out for his arrest in Montana, so before the officer approached the vehicle, Herndon gave Blake his Montana identification in an attempt to conceal his identity. However, Herndon could not remember if he gave Blake the wallet containing the identification or if he only handed Blake the Montana driver's license.

The arresting officer testified that once he pulled the vehicle over, he observed the two occupants look at him and immediately begin moving things around in the car. The officer testified that he "specifically remember[ed] that the right-front passenger [Blake] began going underneath the seat, the seat he was sitting on, and acting like he was retrieving or concealing something." After receiving consent to search the car, the drug detection dog alerted under Blake's seat. A further search revealed methamphetamine hidden inside a hollowed-out book.

The jury returned guilty verdicts on both counts. At a later hearing, the trial court took judicial notice of the convictions, revoked Blake's probation, and imposed the previously suspended sentence. Blake now appeals.

## II. JURY INSTRUCTIONS

Blake asks this Court to vacate his convictions arguing that the jury instructions allowed the jury to convict on a negligence rather than a criminal standard. Whether the trial court properly instructed the jury presents a question of law over which this Court exercises free review. *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998). Upon review, this Court examines whether the instructions as a whole "fairly and accurately reflect the applicable law." *Id.* An erroneous instruction provides a basis for reversal if the instruction misled the jury or otherwise prejudiced the complaining party. *Id.*

### A. Invited Error.

Even if the instructions were improper, the State argues that Blake invited the error and, thus, waived his ability to challenge the instructions on appeal. While a defendant need not object to an instruction at trial to preserve his right to later challenge that instruction on appeal, *State v. Smith*, 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990), the State contends that when given the chance to object to the challenged instructions at trial, Blake's counsel, instead, concurred in giving the instructions. Under the invited error doctrine, the State argues that Blake cannot now challenge the instructions on appeal.

In *State v. Lopez*, 100 Idaho 99, 593 P.2d 1003 (1979), this Court articulated the invited

error doctrine in the context of jury instructions and held that where a defendant objects to an instruction causing the trial court to fail to provide a mandatory instruction, the defendant invited the error and cannot later challenge the trial court's mistake on appeal.

■ In the present case, the following exchange took place concerning the challenged jury instructions:

THE COURT: We had an informal conference in chambers yesterday afternoon and discussed instructions. I have provided counsel with a copy of the instructions I'm going to give. This is the time and opportunity counsel have to make any record they'd like about either the failure to give a particular requested instruction or any objection to any instruction that is in fact being given.

MR. DOUGLAS: Your Honor, the State has no objections or additions to the Court's proposed instructions.

MR. CHAPMAN: Your Honor, we received via facsimile this morning a 13–A and 13–B.

THE COURT: That's right.

MR. CHAPMAN: Is that the instruction the Court intends to give?

THE COURT: It is.

MR. CHAPMAN: Your Honor, we would concur. We have nothing to say on the record at this time.

The State contends that Blake's counsel invited that error by concurring. Blake contends that the court had already decided what instructions to give and that his counsel was simply acceding because any further argument would be futile.

■ The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to give or not give an instruction from later challenging that decision on appeal. Blake's counsel's concurrence did not invite the court to give the challenged instructions; the judge had already made that decision. It appears that the trial court was merely giving the parties an opportunity to object on the record after the court had decided on the instructions in an informal conference. Therefore, we hold that Blake did not invite any error and we will consider the merits of Blake's argument.

**B. Possession of a Controlled Substance.**

■ Blake was convicted under I.C. § 37–2732 which makes it illegal to possess controlled substances such as cocaine and methamphetamine. This Court has held that "the offense requires a general intent, that is, the knowledge that one is in possession of the substance" whether it be marijuana, cocaine, or another controlled substance. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). However, the individual need not know the substance possessed is a controlled substance. *Id.*

■ Blake challenges instructions 13A and 13B which read as follows:

INSTRUCTION NO. 13A

In order for the Defendant to be guilty of COUNT I—Possession of a Controlled Substance (COCAINE), the State must prove the following:

1. On or about September 20, 1996,

2. in the State of Idaho,

3. the Defendant, JAMES MICHAEL BLAKE, possessed a substance;

4. the Defendant knew or *should have known* that the substance possessed was a controlled substance; and

5. the substance possessed was in fact Cocaine.

 . . . .

INSTRUCTION NO. 13B

In order for the Defendant to be guilty of COUNT II—Possession of a Controlled Substance (METHAMPHETAMINE), the State must prove the following:

1. On or about September 20, 1996,

2. in the State of Idaho,

3. the Defendant, JAMES MICHAEL BLAKE, possessed a substance;

4. the Defendant knew or **should have known** that the substance possessed was a controlled substance; and

5. the substance possessed was in fact Methamphetamine.

. . . .

If you find the Defendant guilty of Possession of a Controlled Substance (Methamphetamine), you must next decide whether the state has proved beyond a reasonable doubt the defendant intended to deliver or furnish the substance to another.

(emphasis added).[1]

The instructions as given allowed the jury to convict Blake on each count upon a finding that he was actually in possession of the methamphetamine and cocaine and that he "should have known that the substance[s] possessed were ... controlled substance[s]." Blake contends, and we agree, that this language improperly allowed the jury to convict him using a negligence standard. That is, even if Blake did not actually know methamphetamine was under the seat or cocaine was in the wallet, he should have known and is equally culpable as if he did know.

The State contends that the "should have known" language is proper and that it merely provides the jury a mechanism by which to infer actual knowledge. Moreover, individuals can be convicted of other crimes such as possession of stolen property or possession of drug paraphernalia under a similar standard. These arguments ignore this Court's holding in *Fox*. In determining whether intent was an element of the crime of possession of a controlled substance, this Court stated: "whether a criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design...." *Fox*, 124 Idaho at

925, 866 P.2d at 182 (quoting *State v. Sterrett*, 35 Idaho 580, 583, 207 P. 1071, 1072 (1922)). The Court went on to conclude that "knowledge that one is in possession of the substance" is an essential element of the offense. *Fox*, 124 Idaho at 926, 866 P.2d at 183.

The State also argues that possession of a controlled substance requires two levels of intent; one relating to the fact that the defendant had knowledge that he possessed some item and the other relating to the defendant's awareness of the identity of the substance possessed. The State asserts that the definition of "possession" given at Blake's trial properly instructed the jury as to the first level. The instruction defined "possession" as follows:

A person has possession of something if the person **knows** of its presence and has physical control of it, or has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

(emphasis added). As for the second level, the State asserts that it need not prove that Blake actually knew the exact nature of the items he possessed; he merely "should have known."

In *State v. Lamphere*, 130 Idaho 630, 945 P.2d 1 (1997), this Court held that testimony tending to prove that a defendant, charged with possession of methamphetamine, did not know that the substance he possessed was in fact methamphetamine was relevant exculpatory evidence. *Id.* at 633, 945 P.2d at 4. In reaching the conclusion, the Court relied on I.C. § 18–201 which provides:

**PERSONS CAPABLE OF COMMITTING CRIMES.**—All persons are capable

---

1. These instructions do not comport with I.C.J.I. 403. In *State v. Fox, supra*, this Court held that the crime of possession required only a general intent. That is, if a person is charged with possession of cocaine, he need only know he is possessing cocaine. He need not know that co-

caine is a controlled substance. The given instructions improperly required the jury to find that Blake knew or should have known that the substances he possessed were, in fact, controlled substances.

of committing crimes, except those belonging to the following classes:

1. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent.

I.C. § 18–201. Moreover, Justice Schroeder's special concurrence in *State v. Tucker*, 131 Idaho 174, 953 P.2d 614 (1998) suggested that a nearly identical instruction to the one given here would improperly allow a jury to convict on a negligence standard. To establish Blake's guilt, the State must prove that Blake knowingly possessed methamphetamine and knowingly possessed cocaine. In the present case, the instructions would allow the jury to convict Blake if he knew there was some substance under his seat and something in the wallet but truly, although negligently, believed those substances to be harmless items such as sugar. In such a case, Blake's ignorance or mistake of fact, if believed by the jury, should disprove any criminal intent, requiring an acquittal.

The jury could have found that Blake had positive knowledge of the drugs in question and in that case the conviction would be proper. However, the jury could also have concluded that although Blake did not know the substances he possessed were methamphetamine and cocaine, he should have known. It is impossible to determine which theory of culpability the jury followed in reaching its verdict; therefore, we hold that instructions 13A and 13B failed to accurately and fairly represent the law and, as a result, misled the jury. Thus, the case must be remanded for a new trial.

## III. SUFFICIENCY OF THE EVIDENCE

Blake next argues that the State failed to present sufficient evidence to support the jury's verdict convicting Blake of possession of methamphetamine with the intent to deliver. Our review is limited to examining the evidence presented at trial and determining whether there was substantial and competent evidence to support the verdict beyond a reasonable doubt. We will not reweigh the evidence on appeal. *State v. Porter*, 130 Idaho 772, 787, 948 P.2d 127, 142 (1997).

Blake argues that the State failed to present evidence that Blake was in possession of the methamphetamine, let alone that he had the intent to deliver. Because the methamphetamine was found under Blake's seat and not in Blake's actual possession, Idaho law required the State to establish constructive possession; in other words, that Blake knew of the drugs and had the power and intention to control them. *State v. Seitter*, 127 Idaho 356, 359, 900 P.2d 1367, 1370 (1995). Constructive possession may be joint or exclusive. *State v. Randles*, 117 Idaho 344, 347, 787 P.2d 1152, 1155 (1990). Control of the premises in which the drugs are found has often been used to infer knowledge. *State v. Warden*, 97 Idaho 752, 754, 554 P.2d 684, 686 (1976). However, such an inference cannot be made, absent other circumstances, where the accused does not have exclusive possession of the premises. *Id.*

In the present case, the State did not rely solely on the fact that Blake was a passenger in the car and in close proximity with the methamphetamine. The arresting officer testified that he stopped Blake and Herndon for a safety violation. Before approaching the car he observed Blake look back at him and then furtively reach under the right front passenger seat. When questioned by the officer, Blake initially lied about his identity. A subsequent consensual search of the vehicle revealed methamphetamine hidden in a hollowed-out book under Blake's seat. The officer also found a scale, a cellular telephone, and a ledger in the back seat. Blake had nine hundred dollars in cash in his wallet and had a pager that continued to activate throughout the search and arrest at three in the morning. This evidence provided a sufficient basis for the jury to infer that Blake knew of the methamphetamine, had the power and intention to control the illegal drugs, and exhibited the requisite intent to deliver the same.

## IV. PROBATION REVOCATION

 Blake asks this Court to vacate the trial court's order revoking his probation. As Blake points out, a probationer has a protected liberty interest in continuing his probation. *See, e.g., State v. Chapman,* 111 Idaho 149, 151, 721 P.2d 1248, 1250 (1986). Consequently, a court may not revoke probation without a finding that the probationer violated the terms of probation. *Id.* Once a probation violation has been proven, however, the decision of whether to revoke probation and impose a suspended sentence is within the sound discretion of the trial court. *State v. Knowlton,* 123 Idaho 916, 921, 854 P.2d 259, 264 (1993).

The trial court took judicial notice of Blake's recent convictions and Blake admitted to missing a meeting with his probation officer, each of which the trial court noted, constituted a probation violation. Because we now set aside Blake's recent convictions, the only basis upon which the trial court could revoke Blake's probation was his admitted failure to attend a meeting with his probation officer. We, therefore, remand this case back to the trial court for redetermination of the status of Blake's probation in light of this opinion.

## V. CONCLUSION

For the reasons set out above, we conclude that the trial court improperly instructed the jury, and we vacate Blake's convictions and order a new trial. Consequently, we need not address Blake's allegations of prosecutorial misconduct. Moreover, we vacate the order revoking Blake's probation and remand that issue for a new hearing consistent with this opinion.

Justices SILAK, SCHROEDER, WALTERS, and KIDWELL, concur.