3 P.3d 1251

STATE of Idaho, Plaintiff–Respondent,

v.

John Lee PAYNE, Defendant–Appellant.

No. 25097.

Supreme Court of Idaho,
Boise, February 2000 Term.

May 15, 2000.
Rehearing Denied July 12, 2000.

Wiebe & Fouser, Caldwell, for appellant. Scott E. Fouser argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

TROUT, Chief Justice.

This is an appeal from a ruling by the district judge, denying a motion for acquittal filed by appellant John Lee Payne (Payne) after a jury convicted him of two counts of aggravated first degree arson.

## I.

### BACKGROUND

Payne lived alone in a rented room in the Greystone Hotel (Hotel) in Nampa, Idaho. A fire occurred in the Hotel on April 11, 1998 and, upon investigation, it was discovered the fire originated in a common bathroom on the second floor. Payne was taken to the police station after the fire, where he admitted starting the fire by igniting a roll of toilet paper in the bathroom. Two residents of the Hotel died in the fire.

Payne was charged with two counts of first degree murder during the commission of a felony and one count of first degree arson. At the conclusion of a jury trial, the district judge instructed the jury on felony murder, arson, and involuntary manslaughter, as well as aggravated first degree arson, calling it a lesser included offense of felony murder. Payne objected to the aggravated first degree arson instruction.

On August 12, 1998, the jury returned a not guilty verdict on the two charges of felony murder, the included offense of involuntary manslaughter and on the first degree arson count. The jury found Payne guilty of the two "lesser included offenses" of aggravated first degree arson.

Payne filed a motion for acquittal, which was subsequently denied. Payne was sentenced to a fixed five-year prison term, to be followed by an indeterminate period of fifteen years on each count, to run concurrently. Payne has now appealed from the denial of his motion for acquittal.

## II.

### AGGRAVATED FIRST DEGREE ARSON

■ Payne argues the district judge erred in giving a jury instruction on what was denominated "the lesser included offense" of aggravated first degree arson. Payne contends that, under both the statutory and pleading theories which are applied to ascertain whether an offense properly is included as a lesser offense of that charged, aggravated first degree arson is not a lesser included offense of felony murder. The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which the Court exercises free review. *State v. Curtis*, 130 Idaho 522, 523, 944 P.2d 119, 120 (1997).

■ While we agree with Payne that aggravated first degree arson is not a lesser included offense of felony murder, we so conclude because aggravated first degree arson is not a separately charged crime. Rather, the aggravating factors set forth in the statute, Idaho Code § 18–805, if found by the jury, simply enhance the penalties which may be imposed for the crimes of first, second or third degree arson. Thus, aggravated first degree arson is merely an aggravated form of first degree arson which provides for enhanced punishment when a person dies or is permanently injured as a result of the first degree arson, much as aggravated assault, aggravated battery and aggravated driving while under the influence of alcohol are enhanced forms of the respective underlying offenses. *See* I.C. §§ 18–905, 18–907, 18–8006.

■ Given our conclusion that aggravated first degree arson is not a lesser included

offense of felony murder, we next examine whether the jury was, nevertheless, properly instructed.

Whether the trial court properly instructed the jury presents a question of law over which this Court exercises free review. Upon review, this Court examines whether the instructions as a whole "fairly and accurately reflect the applicable law." An erroneous instruction provides a basis for reversal if the instruction misled the jury or otherwise prejudiced the complaining party.

*State v. Blake*, 133 Idaho 237, 239, 985 P.2d 117, 119 (1999) (citations omitted).

First degree arson requires that a person "willfully and unlawfully" damage by fire or explosion, any dwelling or structure in which persons are normally present. I.C. § 18–802. The jury was provided the following aggravated first degree arson instruction:

In order for you to find the Defendant guilty of the crime of **Aggravated Arson in the First Degree** as an included offense to Count I of the Information, the State of Idaho must prove to each of you each of the following essential elements beyond a reasonable doubt:

1. That on or about April 11, 1998,
2. in the State of Idaho,
3. the Defendant John L. Payne,
4. willfully and unlawfully damaged by fire or explosion,
5. a) a dwelling, to wit: the Greystone Hotel,

   **or**

   b) a structure in which persons are normally present, to wit: the Greystone Hotel,

   **and**

6. regardless of intent or lack of intent to cause such harm, said fire resulted directly or indirectly in the death of a person, to wit: Herman Barela.

The instruction thus required the jury to find all elements of first degree arson as well as the aggravating factor that the arson resulted, indirectly or directly, in the death of a person. *See* I.C. §§ 18–802, 18–805. It unquestionably would have been preferable to instruct the jury separately on the crime of first degree arson, followed by an instruction asking the jury to determine, if first degree arson has been proved, whether any of the statutory circumstances exist which would constitute aggravation for the purposes of sentencing. *See* Idaho Criminal Jury Instructions 1308 and 1311. We cannot say, however, that the jury was improperly instructed under these circumstances. The fact that the crime was referred to as "an included offense" is of no consequence since that would not affect the jury's examination of each of the elements required to find guilt beyond a reasonable doubt. Moreover, the instruction read in its entirety required the jury to find Payne guilty of each element of first degree arson, together with the factor which resulted in aggravating the charge. Absent some showing the jury didn't find each of those elements as instructed, we cannot say the jury was misled or reached an erroneous result.

Payne also argues the instruction is confusing in that the first degree arson portion of the instruction requires a person "willfully and unlawfully" caused damage by fire, but the aggravated enhancement portion of the instruction, paragraph 6, contradicts that intent requirement by allowing the jury to find that Payne "caused such harm" regardless of intent. Payne reads "such harm" in paragraph 6 to refer to the fire damage and not to the death of a person. This interpretation would require us to ignore other provisions of the instruction and would mean the jury totally disregarded what they were told to find as an element in paragraph 4. Absent some showing to the contrary, we must assume the jury read, understood and followed the instructions given. We decline to place such a strained interpretation on the instruction and agree with the district judge that the instruction required the jury to find that Payne willfully damaged the Hotel by fire, and that fire resulted in the death of a person, regardless of Payne's intent to do so. The jury was thus not misled by paragraph 6 and we hold that the jury was properly instructed.

While we affirm the district judge's ruling on the jury instructions, our character-

ization of the offense charged as first degree arson with a sentence enhancement requires that we set aside one of the offenses of aggravated first degree arson. The record is clear that Payne committed only one act of first degree arson. Although Payne's act of arson was enhanced to aggravated arson by virtue of the deaths of two persons, it does not follow that Payne may be convicted for two acts of arson when there was only one fire. We therefore affirm a single judgment of conviction against Payne for aggravated first degree arson and vacate the second.

## III.

### INCONSISTENCY OF THE JURY VERDICT

 Payne argues that because the jury acquitted him of first degree arson but convicted him of aggravated first degree arson, the jury verdict is impermissibly inconsistent. Inconsistency between verdicts is generally understood to mean some logical impossibility or improbability implicit in the jury's findings as between several counts of a single criminal accusation. *State v. Ruiz*, 115 Idaho 12, 15, 764 P.2d 89, 92 (Ct.App.1988). Inconsistency may arise from factual circumstances, as where the jury finds under one count that the defendant did not possess illegal liquor but under another that he sold it. Inconsistency may also arise from legal considerations, as where multiple verdicts of guilty are returned under counts charging both the theft and receipt of the same stolen property. We conclude the jury's verdict can be logically reconciled. It is logical to assume the jury examined the first degree arson charge and instruction and then read the elements of the charge of aggravated first degree arson, and then concluded the latter charge more accurately represented the circumstances of this case. The jury's acquittal on first degree arson does not mean the jury was convinced of Payne's innocence as to all charges. On the contrary, it is obvious the jury determined that Payne's offense most closely conformed to the elements set forth in the aggravated first degree arson instruction because two people had died as a result of the fire in the Hotel caused by Payne. We accordingly reject Payne's contention that the jury's verdict was impermissibly inconsistent.

## IV.

### CONCLUSION

We uphold the district judge's determination that the motion for acquittal should be denied based on the alleged irregularities in the instructions. We conclude, however, that it was only possible under the facts of this case for the jury to find Payne guilty of having caused one fire. Thus, Payne was properly convicted of one count of first degree arson aggravated by virtue of the deaths caused as a result of his actions. We affirm the district judge's sentence of five years fixed followed by an indeterminate period of fifteen years and we vacate the remaining sentence. We remand this case for entry of an amended Judgment of Conviction in accordance with this opinion.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.