**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38886**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 662 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| YUTDENY ROSA McLEOD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

PERRY, Judge Pro Tem

Yutdeny Rosa McLeod appeals from the district court's order revoking her probation. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2007, McLeod pled guilty to grand theft by unauthorized control, I.C. §§ 18-2403(3) and 18-2407(1)(b), and was sentenced to a unified term of twelve years, with a minimum period of confinement of three years. The sentence was suspended and McLeod was placed on probation for a period of thirteen years. McLeod was also ordered to pay court costs, fines, and restitution. Shortly after sentencing, McLeod was deported. In January 2011, McLeod's probation officer filed a report of probation violation after she was informed that McLeod had been seen in Idaho. Based on the probation officer's report, the state filed a motion to revoke probation. A warrant was issued and McLeod was located in New York and arrested.

1

McLeod was returned to Idaho and incarcerated. At an evidentiary hearing on the alleged probation violations, the state called as a witness an immigration enforcement agent who interviewed McLeod while she was incarcerated. McLeod objected to the admission of statements she made to the agent during the interview. After hearing argument from both parties, the district court overruled McLeod's objection. Thereafter, the district court determined that McLeod violated her probation by failing to obey all municipal, county, state, and federal laws by illegally re-entering the United States. The district court also determined that McLeod violated her probation by failing to report to her probation officer as directed. After a disposition hearing, the district court revoked McLeod's probation and ordered execution of her sentence. McLeod appeals.

## II.

## ANALYSIS

McLeod argues that the district court erred by admitting statements she made to the immigration agent during the interview while she was incarcerated--that she illegally entered the United States in 2011 and paid someone $8000 to smuggle her across the border. Specifically, McLeod asserts that such statements were obtained in violation of her rights under the Fifth Amendment because they were obtained in contravention of *Miranda v. Arizona*, 384 U.S. 436 (1966). The state asserts that, even if the district court erred by admitting the statements, such error was harmless.

Error in the admission or exclusion of evidence will not result in a reversal if the error was harmless beyond a reasonable doubt. *State v. Field*, 144 Idaho 559, 572, 165 P.3d 273, 286 (2007). Thus, erroneous admission of evidence will not be grounds for reversal on appeal if, absent that evidence, the result of the proceeding would have been the same. *State v. Hall*, 111 Idaho 827, 832, 727 P.2d 1255, 1260 (Ct. App. 1986).

McLeod first argues that it was not harmless error for the district court to admit the statement she made to the agent related to her illegal re-entry into the United States because, aside from such statement, there was no evidence to show that McLeod's re-entry was illegal and, therefore, violated her probation. McLeod's probation agreement required her to obey all municipal, county, state, and federal laws. Pursuant to removal proceedings under the Immigration and Nationality Act and the order of an immigration judge, McLeod was prohibited from entering, attempting to enter, or being in the United States for a period of ten years from the

date of her deportation in 2007. In 2011, McLeod was found and arrested in New York before being extradited to Idaho for probation revocation proceedings. At the evidentiary hearing on the alleged probation violations, the agent identified McLeod without objection. Also without objection, the agent testified that he knew McLeod had been previously deported and the agent had obtained McLeod's alien registration file. Specifically, the agent testified that the registration file contained a reinstatement of the original immigration judge's deportation order and that McLeod was currently deportable for illegal re-entry into the United States. The state also called a witness who testified, without objection, that she saw McLeod in 2011 at a hospital in Idaho where the witness worked. The state submitted as an exhibit a document from the hospital dated in 2011 that contained the name of McLeod. In the report of probation violation McLeod's probation officer filed in January 2011, the probation officer indicated she called the immigration office and was informed that their records showed no visa or other documentation had been filed allowing McLeod to return to the United States. We also note that, while incarcerated in New York, McLeod apparently filled out a record of sworn statement in affidavit form pursuant to the Immigration and Nationality Act before an officer of Immigration and Customs Enforcement. While McLeod refused to sign the affidavit, the document contains an admission that, in January 2011, McLeod entered the United States illegally. Given this evidence that McLeod re-entered the United States in violation of the prohibition imposed pursuant to removal proceedings under the Immigration and Nationality Act, this Court is convinced beyond a reasonable doubt that, even without McLeod's statement to the agent regarding her illegal re-entry, the district court would have determined that McLeod violated her probation by illegally re-entering the United States.[1] Therefore, even assuming that the district

---

[1] McLeod asserts that, if this Court vacates the district court's determination that McLeod violated her probation by illegally re-entering the United States because it was based upon an improperly admitted statement, then remand for a new evidentiary hearing is necessary pursuant to *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). In that case, the trial court took judicial notice of Blake's recent convictions and Blake admitted to missing a meeting with his probation officer, each of which the trial court noted constituted a probation violation. Because the Idaho Supreme Court set aside Blake's recent convictions, the only basis upon which the trial court could revoke Blake's probation was his admitted failure to attend a meeting with his probation officer. Thus, the Court remanded the case back to the trial court for redetermination of the status of Blake's probation. *Id.* Here, however, we need not vacate the district court's determination that McLeod violated her probation by illegally re-entering the United States because we conclude that such violation was proven from the record apart from McLeod's

court erred by admitting such statement, the error was harmless with respect to the district court's determination that McLeod had re-entered the United States illegally.

McLeod also argues that it was not harmless error for the district court to admit the statement she made to the agent that she paid someone $8000 to smuggle her across the border because the district court used such fact in aggravation when announcing its decision to revoke McLeod's probation and execute the underlying sentence. At the disposition hearing, the district court explained that, when it originally sentenced McLeod to probation, it did so failing to consider McLeod's immigration status. The district court also explained that the probation sentence was designed to facilitate repayment to the victims for McLeod's wrongful conduct. The district court stated:

> To me, *these types of cases are solely made right through restitution*; *and that's why, in your case, I chose probation initially, frankly with little understanding of my own omission to the potential for you to be deported and thereby outside of any type of supervisory regulation at all.*
>
> Had I known that in hindsight, it's likely this sentence would have simply been directly to the penitentiary. People don't steal a hundred thousand dollars plus and just walk out and get really a slap on the wrist and jail for it. . . . [*T*]*here's not been one cent paid to these people*, notwithstanding where you've been and what you have been able to do. Certainly, the documents from the state indicate there was a means. You had money to get back into the States. You chose to do that . . . certainly not towards any eye towards restitution or making any recompense to those whom you have harmed. . . .
>
>      . . . .
>
> [Defense counsel] says, if I impose this sentence, I'm solely taking a retributive approach to you and punishing you. While that certainly is a large part of it, as a sentencing court, I also, particularly in probation violations settings such as this one, feel I have an overriding obligation to uphold the requirements of the law. *And the law requires probationers to do things and not just forget about their victim, notwithstanding how hard their life is, notwithstanding how much collateral damage has occurred, but to make efforts; and that hasn't happened here.*
>
> The law requires people to abide by it and not make decisions without consequences. And so by imposing your sentence today, I'm not simply saying I'm dropping the hammer on you for your horrible choices. I'm saying that *probationers need to abide by the court's conditions. They need to take care of*

statement to the agent. Additionally, McLeod does not challenge the district court's determination that McLeod violated her probation by failing to report to her probation officer as directed. Accordingly, remand for a new evidentiary hearing is not necessary pursuant to *Blake*.

4

*making payments, whatever amount and whatever small value*. Certainly, in my eyes, sends a much greater message of rehabilitation than simply totally ignoring the fact because of the way this case came down on you and the fact that you were deported and so forth.

(Emphasis added.)

It is clear from the record that the district court would not have placed McLeod on probation initially had it understood that McLeod would be deported upon such placement. The district court was made aware by the agent's testimony at the evidentiary hearing that, pursuant to the reinstatement of the original immigration judge's deportation order, if the State of Idaho were to release McLeod, she would be moved to an immigration facility to await deportation. The district court was clear that, had the district court considered the deportation issue, probation would not have been granted in the first place. While the district court referenced the money McLeod had to "get back into the States," that comment was unmistakably made in the context of the district court's concern with restitution. To be sure, the district court would not have reduced the restitution amount or the term of sentence imposed to facilitate repayment in "whatever amount and whatever small value" which would not occur upon deportation. This Court is convinced beyond a reasonable doubt that, even without McLeod's statement to the agent that she paid someone $8000 to smuggle her across the border, the district court would have revoked McLeod's probation and ordered execution of her underlying sentence without modification. Therefore, even assuming that the district court erred by admitting such statement, the error was harmless.

## III.
## CONCLUSION

Even assuming that the district court erred by admitting the challenged testimony of the agent, such error was harmless. Therefore, the district court's order revoking McLeod's probation is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

5