IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39169/39170

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 679 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TESHA JOWANE SUNDAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction for felony possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

_____

GRATTON, Judge

Tesha Jowane Sunday appeals from her judgment of conviction for felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a search warrant, the Caldwell Police Department searched the residence where Sunday was staying. Four to six individuals were in the residence during execution of the warrant including Sunday, who was in the living room. Sunday told an officer that she was staying in the master bedroom and that she had personal belongings in that room.

A search of the master bedroom led to the discovery of methamphetamine, marijuana, and drug paraphernalia. Officers found a cigarette pack containing a baggie of methamphetamine and a pipe with a white powder residue in it. The cigarette pack was on an

1

end table between two camping chairs that were situated next to the bed. Testimony revealed that Sunday smoked cigarettes and that her purse and identification were found on the bed, roughly two feet from where the methamphetamine was found. Officers also found two digital scales, commonly used to measure illegal narcotics, on the end table and Sunday's court documents were found inside a dresser. The marijuana was located on a shelf inside the closet. When the search began, a woman named Bethany was in the master bedroom's bathroom. Bethany admitted to possession of a "meth pipe," but officers seized multiple pipes during the search and it was unclear which pipe she claimed was hers.

Sunday was charged with possession of methamphetamine, marijuana, and paraphernalia. At trial, the court denied two of Sunday's requested jury instructions relating to constructive possession and the requirement of unity of act and intent. The jury convicted Sunday of possession of methamphetamine and paraphernalia, but acquitted her of the marijuana charge. Sunday timely appeals.

## II.

## ANALYSIS

Sunday claims there was insufficient evidence to support a conviction of possession of methamphetamine, and that the trial court erred when it denied two of her requested jury instructions.

### A. Sufficiency of the Evidence

Sunday claims the State did not present sufficient evidence from which a reasonable trier of fact could conclude she had constructive possession of the methamphetamine found in the cigarette pack. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the

2

evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Absent actual possession of the controlled substance, the State must establish constructive possession by showing the defendant knew of the substance and had the power and intention to control it. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Betancourt*, 151 Idaho 635, 638, 262 P.3d 278, 281 (Ct. App. 2011). Constructive possession exists where there is a sufficient nexus between the defendant and the controlled substance to show the defendant had the power and the intent to exercise dominion or control over the substance. *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987). Constructive possession may be "joint or exclusive." *Blake*, 133 Idaho at 242, 985 P.2d at 122. A jury may infer knowledge of the substance where a defendant is in control of the premises, but additional circumstances showing knowledge are necessary when the control is not exclusive. *Id.*

The State presented evidence that Sunday told officers she had been staying in the master bedroom where the methamphetamine was found and that she had personal belongings in the room. Sunday's purse, wallet, and identification were found approximately two feet from the cigarette pack that contained the methamphetamine and pipe. Additionally, female apparel was found on the chair between the bed Sunday had been using and the cigarette pack; Sunday's court documents were found in a dresser drawer located in the master bedroom.

Further, the State presented evidence that two digital scales, known to measure illegal narcotics, were found on the end table between two camping chairs. A spoon with white residue was found located in the dresser drawer lying on top of Sunday's court documents. A witness testified that Sunday smoked cigarettes and a letter posted in the living room of the house indicated the residents shared drugs. A jury could conclude from this evidence that not only did Sunday have knowledge of the methamphetamine's presence, but also that she had dominion or control over it.

Sunday argues Bethany's presence and confession removes any inference the methamphetamine was Sunday's. Though Bethany did admit to ownership of a pipe, at least two pipes were found at the residence and the jury could conclude that the pipe referenced was not the one found in the master bedroom. And as noted in *Blake*, more than one individual can possess an item; thus, Bethany's ownership would not preclude the jury from finding Sunday had

possession. Finally, the jury heard from two defense witnesses with varying contradictions to the State's evidence; however, questions of weight and credibility are left with the trier of fact. In the light most favorable to the State, the jury could conclude that Sunday both knew of the presence of methamphetamine and had the intent to exercise dominion or control over it.

**B.  Jury Instructions**

Sunday challenges the denial of two of her proposed jury instructions: (1) an instruction explaining that "mere proximity" alone cannot establish constructive possession; and (2) an instruction on the requirement of the existence of "a union or joint operation of act and intent." The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). A trial court must inform the jury on "all matters of law necessary for their information," I.C. § 19-2132(a), where sufficient evidence supports it. *State v. Johns*, 112 Idaho 873, 880-81, 736 P.2d 1327, 1334-35 (1987) (citations omitted).

**1.  Instruction on mere proximity**

Sunday requested a jury instruction that read, "mere proximity to contraband cannot establish constructive possession." The trial court denied this instruction, instead relying on the definition for possession from the Idaho Criminal Jury Instructions:

> A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

The instruction recites verbatim Idaho Criminal Jury Instruction 421. The I.C.J.I. are presumed correct, and trial courts should closely follow the pattern instructions to avoid unnecessary appeals. *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010); *State v. Hopper*, 142 Idaho 512, 514, 129 P.3d 1261, 1263 (Ct. App. 2005).

The trial court properly relied on the I.C.J.I. definition of possession because I.C.J.I. 421 provides the requirements necessary to convict a defendant of a possession charge. Specifically, knowledge of the presence of the substance and power and intention to control it; therefore, a jury is unable to find a defendant guilty based on mere proximity alone. The definition of

4

possession in I.C.J.I. 421 adequately covers the law of constructive possession and an instruction on "mere proximity" was unnecessary.

## 2. Instruction on union or joint operation of act and intent

At trial, Sunday argued that an instruction on union of act and intent was necessary because possession of a controlled substance is a general intent crime. The trial court denied the proposed unity instruction because the court was concerned the instruction could confuse or mislead the jury since one of the charges was a specific intent crime. On appeal, the State argues that not only would the instruction have confused the jury, but also that the definition of possession adequately covers the requirement of unity of act and intent.

Sunday's proposed instruction was taken from I.C.J.I. 305, "In every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence." I.C.J.I. 305 (brackets omitted). The comment for I.C.J.I. 305 further explains, "[t]he word 'intent' does not mean an intent to commit a crime but merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act" (citing *State v. Parish*, 79 Idaho 75, 310 P.2d 1082 (1957)). Finally, the comment for I.C.J.I. 305 takes note that the "instruction is unnecessary when the crime charged requires a specific mental element and the jury is properly instructed regarding that mental element" (citing *State v. Hoffman*, 137 Idaho 897, 55 P.3d 890 (Ct. App. 2002)).

A court should customarily give an instruction on the requirement that the act and intent occur in unity when the charge is a general intent crime. *See State v. Baldwin*, 69 Idaho 459, 464, 208 P.2d 161, 164 (1949) (noting a trial court should "generally" give an instruction on unity). Yet, as the comment explains, the instruction is unnecessary for specific intent crimes. Sunday was charged with two general intent crimes for possession of a controlled substance and the specific intent crime of possession of paraphernalia. The trial court correctly noted that to include the instruction in the present case could lead the jury to apply the instruction to the differing charges. More importantly, for the purpose of Sunday's challenge on appeal, so long as the unity of act and intent requirement was adequately covered elsewhere in the jury instructions, there is no reversible error.

The instruction given to the jury on possession provided adequate coverage of the legal concept that the act must occur simultaneously with the requisite intent. The definition of possession, taken from I.C.J.I. 421, indicates the State needed to establish that Sunday "knew" of

the presence of the substance *and* "had physical control of it, or had the power and intention to control it." The instruction adequately provides for the concept of unity by expressing both intent and act together in the instruction and the jury could not convict Sunday absent finding that both existed. The instruction on possession adequately instructed the jury that a union or joint operation of act and intent existed and thus, the proposed instruction was unnecessary.

## III.

## CONCLUSION

The State presented sufficient evidence to convict Sunday of possession of methamphetamine and the court did not err in refusing to give Sunday's proposed jury instructions. Sunday's judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**