# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41766

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 843 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MITCHELL T. EAUCLAIRE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Theresa Gardunia, Magistrate.

Order of the district court affirming judgment of conviction for possession of paraphernalia, <u>affirmed</u>.

Alan E. Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Public Defender, Boise, for appellant. Heidi M. Johnson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

KIDWELL, Judge Pro Tem

Mitchell T. Eauclaire appeals from the district court's order affirming his judgment of conviction for possession of paraphernalia entered upon a jury verdict finding him guilty. He contends there was insufficient evidence presented at trial to sustain his conviction and that the magistrate erred by denying his motion for a mistrial. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

On February 23, 2013, at approximately 1:22 a.m., Idaho State Police Trooper Brandon Bake stopped to assist a disabled pickup truck located on the shoulder of the interstate. Trooper Bake testified that as he approached the vehicle, he smelled the distinct odor of marijuana. The two passengers in the truck told Trooper Bake the vehicle had run out of gas and the driver, Eauclaire, had left to obtain more gas.

1

Eauclaire returned a short time later with a gas can. Trooper Bake verified that Eauclaire was the registered owner and driver of the truck. Because he smelled marijuana, Trooper Bake requested the assistance of a Boise Police Department officer and his drug dog. After the dog alerted on the vehicle, Trooper Bake effected a search and discovered a multicolored glass pipe in the toolbox. The trooper testified that the pipe smelled like marijuana and contained residue consistent with marijuana. Trooper Bake asked the occupants who the pipe belonged to and Eauclaire responded, "[I]t's probably mine from a long time ago."

Eauclaire was cited for possession of paraphernalia, Idaho Code § 37-2734A(1). He pled not guilty and the case proceeded to trial. At trial, Trooper Bake and the Boise Police officer testified as to the encounter. The State also admitted a video recording of the stop and subsequent search. Eauclaire testified that he had never seen the pipe before, had never owned such a pipe, and opined that it may have been left in the toolbox by friends or colleagues who had access to the truck and toolbox. The jury returned a guilty verdict. Eauclaire appealed to the district court, contending there was insufficient evidence to support the conviction and that the magistrate erred by denying his motion for a mistrial based on alleged prosecutorial misconduct. The district court affirmed the judgment of conviction, and Eauclaire now appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable

2

trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Thumm,* 153 Idaho 533, 536-37, 285 P.3d 348, 351-52 (Ct. App. 2012); *State v. Norton*, 151 Idaho 176, 192-93, 254 P.3d 77, 93-94 (Ct. App. 2011); *State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983). The threshold inquiry is whether the state introduced error. *State v. Grantham*, 146 Idaho 490, 498, 198 P.3d 128, 136 (Ct. App. 2008); *State v. Shepherd*, 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct. App. 1993). The right to due process does not guarantee a defendant an error-free trial, but rather a fair one. *Grantham*, 146 Idaho at 498, 198 P.3d at 136; *Shepherd*, 124 Idaho at 58, 855 P.2d at 895. Consequently, error is not reversible unless it is shown to be prejudicial. *Grantham*, 146 Idaho at 498, 198 P.3d at 136; *Shepherd*, 124 Idaho at 58, 855 P.2d at 895. The error upon which a defendant moved for mistrial will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction. *Norton*, 151 Idaho at 193, 254 P.3d at 94; *State v. Morgan*, 144 Idaho 861, 863-64, 172 P.3d 1136, 1138-39 (Ct. App. 2007).

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

## III.

## ANALYSIS

Eauclaire contends there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he had knowledge of the presence of the pipe and physical control over it or that he had the requisite intent to use the paraphernalia to ingest a controlled substance. He also argues the district court erred by affirming the magistrate's denial of his motion for a mistrial based on alleged prosecutorial misconduct during closing argument.

### A.     Sufficiency of the Evidence

Idaho Code § 37-2734A(1) prohibits "any person" from possessing, "with intent to use, drug paraphernalia to . . . ingest, inhale, or otherwise introduce into the human body a controlled substance." Here, where Eauclaire did not have actual possession of the paraphernalia, the State was required to establish constructive possession by showing Eauclaire knew of the paraphernalia and had the power and intention to control it. *See State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Betancourt*, 151 Idaho 635, 638, 262 P.3d 278, 281 (Ct. App. 2011). Constructive possession exists where there is a sufficient nexus between the defendant and the contraband to show the defendant had the power and the intent to exercise dominion or control over the contraband. *See State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987). Constructive possession may be "joint or exclusive." *Blake*, 133 Idaho at 242, 985 P.2d at 122. A jury may infer knowledge of the substance where a defendant

4

is in control of the premises, but additional circumstances showing knowledge are necessary when the control is not exclusive. *Id*.

Eauclaire contends he was not the exclusive user of the truck and therefore, because there were no relevant additional circumstances, there could be no legitimate inference that he possessed the requisite knowledge and control of the pipe. He also contends there was little to no evidence presented that he intended to use the pipe to ingest a controlled substance, pointing to the fact that there was no evidence the pipe had recently been used and it was never tested to determine if the residue was marijuana.

Eauclaire's arguments were unpersuasive to the jury. The pipe was found in Eauclaire's truck, which he was driving, in a toolbox that Eauclaire testified was his and which he accessed often. During the encounter he specifically admitted that the pipe was "probably [his] from a long time ago." Although he later testified at trial that he had never seen the pipe before, had never owned such a pipe and that it had possibly been put there by friends or coworkers, the jury was free to find his testimony not credible (an especially likely proposition given how much his testimony deviated from his statements at the scene). From these circumstances, there was sufficient evidence--beyond Eauclaire's mere presence in the truck--for the jury to find beyond a reasonable doubt that he knew the pipe was there and had the intent to exercise control over it.

There was also sufficient evidence for the jury to determine beyond a reasonable doubt that Eauclaire possessed the requisite intent to use the pipe to ingest marijuana. Trooper Bake testified he "could smell the distinct odor of marijuana" as he approached the vehicle and continued to smell it as he interacted with the passengers. The officer who arrived with the drug dog also smelled the marijuana and the dog alerted on the vehicle in the vicinity of where the pipe was found. Trooper Bake testified that the pipe itself smelled like marijuana and contained a burnt residue, evidence which is especially relevant because it gives rise to the reasonable inference that the pipe was used to ingest marijuana relatively recently. Eauclaire also admitted to having smoked marijuana in the past, telling the officer, as noted above, that the pipe was probably his from "a long time ago." Thus, there was evidence of both present and past marijuana use, which supports a reasonable inference that the pipe had been used by Eauclaire to smoke marijuana and that he intended to do so in the future. *See State v. Williams*, 134 Idaho 590, 592-93, 6 P.3d 840, 842-43 (Ct. App. 2000) (holding that evidence of the defendant's familiarity with methamphetamine and his past use of the substance was probative of his intent

5

to use the paraphernalia found in his possession to ingest the drug in the future).  Accordingly, there was sufficient evidence to support the jury's determination that Eauclaire was guilty of possession of paraphernalia.

## B.      Prosecutorial Misconduct

Eauclaire also asserts the district court erred by affirming the magistrate's denial of his motion for a mistrial on the basis of prosecutorial misconduct.  Specifically, he contends the prosecutor committed misconduct during closing argument by stating that Eauclaire told a "straight out lie" at trial and vouching for the credibility of the officers who testified.

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1.  A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial."  I.C.R. 29.1(a).

The comments at issue occurred during the prosecutor's closing arguments:

> You've heard a very convenient chain of story from the defendant today. On the date that this happened, you heard the defendant was minimizing his involvement.  You heard a defendant who said, "Probably mine from a long time ago," minimizing his involvement because he knows he's just about to get busted for possessing drug paraphernalia.  *Today you heard the defendant straight out lie.*
> Now, as part of being a jury member, it involves judging credibility and we don't in any way want a jury member to come in -- and you're not expected to hang your -- your good common sense at the door as you're coming in to sit on a jury.
> As you sit on the jury, you bring with you your life experience.  You bring with you your background.  You bring with you your common sense, your understanding of people, people's ways, and judging if they're telling you the truth or not.  And this all goes to credibility.  And it comes down to you to decide when you heard the defendant up here testifying was he credible or not.  Did he appear to you like he was telling the truth or not.
> And I'll say to be fair, you have to judge the credibility of the officer as well, whether he was truthful or not as well.  *And I'll argue that the officers were absolutely truthful.*

(Emphasis added).  At this point, Eauclaire objected on the basis of "[i]mproper argument" which the magistrate sustained.  The prosecutor returned to his argument, but before he finished a sentence, the magistrate interrupted to give the jury the following admonition: "Ladies and gentleman of the jury, you are the fact finders in this case.  Your job is to determine the credibility of the witness.  That is your purview alone."

6

Following closing arguments, Eauclaire moved for a mistrial on the basis that the State had vouched for the credibility of the officers. The magistrate denied the motion, reasoning that its curative instruction had been sufficient to protect Eauclaire's right to a fair trial. In his intermediate appeal to the district court, Eauclaire again raised the assertion that the prosecutor had committed misconduct by vouching for the credibility of its witnesses, but, for the first time, also contended the prosecutor committed misconduct by asserting that Eauclaire lied. On intermediate appeal, the district court first clarified that the prosecutor's statement that "you heard the defendant straight out lie" was a comment on Eauclaire's disparate statements regarding ownership of the pipe, made at the scene and during his testimony at trial respectively, and that the prosecutor had only stated he would "argue" that the officer was credible. The district court then held, in regard to the statements: "To the extent, if any, that the prosecutor's comments were improper . . . they were alleviated by [the magistrate's] immediate admonition to the jury."

We agree with the district court that these statements did not amount to prosecutorial misconduct. Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *State v. Wheeler*, 149 Idaho 364, 369, 233 P.3d 1286, 1291 (Ct. App. 2010). A prosecuting attorney may, however, express an opinion in argument as to the truth or falsity of testimony when such opinion is based upon the evidence. *Id.* at 369, 233 P.3d at 1291. As the district court points out, the prosecutor's statement that Eauclaire lied was a reference to Eauclaire's contradictory testimony at trial. Although Eauclaire told the officer at the scene that the pipe was "probably mine from a long time ago" and that it was "[i]n my toolbox for years probably" (as confirmed by video of the interaction), Eauclaire testified at trial that that he had "never seen [the pipe] in my entire life" and had "actually never owned a pipe." Thus, the prosecutor's statement that Eauclaire had lied was based on the evidence presented at trial and does not amount to misconduct.

Next, we turn to the prosecutor's statement regarding the officer's credibility. A prosecutor does not commit misconduct by simply commenting on the credibility of testimony in light of evidence produced by the state at trial. *State v. Moses*, 156 Idaho 855, 872, 332 P.3d 767, 784 (2014); *State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993). Here, the prosecutor did not specifically reference any evidence in making this argument; however, it appears from the context this was likely because the prosecutor was interrupted by defense

7

counsel's objection. We need not conclude whether it was error because even assuming so, it is harmless. The error upon which a defendant moves for mistrial will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction. *Norton*, 151 Idaho at 193, 254 P.3d at 94. Here, the comment regarding the officers' credibility was made in passing; it did not introduce evidence not admitted at trial; and it did not include the disfavored "I think" or "I believe" language, *see State v. Timmons*, 145 Idaho 279, 289, 178 P.3d 644, 654 (Ct. App. 2007). Additionally, likely the most important point testified to by Trooper Bake--that Eauclaire had admitted that the pipe was likely his from the past--was captured on video and shown to the jury; thus, the jury was not required to rely solely on the trooper's credibility to determine whether Eauclaire made this statement. Finally, as the district court pointed out, the magistrate gave the jury a near contemporaneous admonition that they alone were to determine the credibility of witnesses. *See State v. Watkins*, 152 Idaho 764, 767, 274 P.3d 1279, 1282 (Ct. App. 2012) (noting that in many circumstances a curative instruction can be an effective remedy and may be considered by the appellate court in determining whether an alleged error is reversible). Upon an examination of the record, we are able to declare beyond a reasonable doubt that there is no reasonable possibility that the alleged error contributed to Eauclaire's conviction. The district court did not err by affirming the magistrate's denial of Eauclaire's motion for a mistrial.

### III.
### CONCLUSION

There was sufficient evidence presented at trial for the jury to find that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt, namely that Eauclaire had the requisite knowledge and control over the pipe and the intent to utilize it to ingest a controlled substance. Also, Eauclaire has not shown the prosecutor's statement that he lied constituted error. Finally, the district court did not err by affirming the magistrate's denial of Eauclaire's motion for a mistrial premised on an allegation of prosecutorial misconduct during closing arguments because, even assuming error, it was harmless. The district court's order affirming Eauclaire's judgment of conviction for possession of paraphernalia is affirmed.

Judge LANSING and Judge MELANSON, **CONCUR**.

8