**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44783**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 57** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed:  November 8, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CESAR GABRIEL CASTREJON,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County.  Hon. John K. Butler, District Judge.  Hon. Casey Robinson, Magistrate.

Order of the district court remanding case to magistrate court for lack of jurisdiction, <u>reversed</u> and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for respondent.

_____

GRATTON, Chief Judge

The State appeals from the district court's order remanding the case back to magistrate court for lack of jurisdiction.  We reverse and remand the case to the district court for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Cesar Gabriel Castrejon head-butted a Gooding police officer in the face and repeatedly kicked a Gooding County deputy sheriff in the knee while he was detained and being assessed by emergency medical services.  The State charged Castrejon by information with two counts of

1

battery on a law enforcement officer, Idaho Code §§ 18-903(b),[1] 18-915(3).[2] Count I alleged Castrejon "did actually, intentionally, and unlawfully, touch and/or strike the person of [the officer], against his will by striking him in the face." Count II alleged Castrejon "did actually, intentionally, and unlawfully, touch and/or strike the person of [the deputy sheriff] against her will by kicking her multiple times in her knee." At his arraignment, Castrejon entered a not guilty plea to all charges. However, Castrejon and the State later entered a plea agreement whereby Castrejon agreed to enter an *Alford*[3] plea to Count I of the information, and the State agreed to dismiss Count II.

At Castrejon's change of plea hearing, the district court, on its own initiative, posed a question to both parties: whether the language in the information was sufficient to charge felonies, as opposed to misdemeanors. Following a colloquy with the parties, the district court concluded that both touching an officer and striking an officer, in a violation of I.C. §§ 18-903(b), 18-915(3), are misdemeanor offenses. Accordingly, the district court concluded Counts I and II of the information charged Castrejon with misdemeanors and sua sponte remanded the case back to magistrate court for lack of jurisdiction. The State timely appeals.

## II.

## ANALYSIS

The State asserts that the district court erred by remanding this case to magistrate court for lack of jurisdiction because the information charged Castrejon with two felony counts, not two misdemeanor counts, of battery under I.C. § 18-915(3). On the other hand, Castrejon contends that the State did not preserve the argument made on appeal, invited any error by the district court, and the district court's reading of the statute was correct.

---

[1]     Idaho Code § 18-903(b) defines "battery" as any "[a]ctual, intentional and unlawful touching or striking of another person against the will of the other." I.C. § 18-903(b).

[2]     Idaho Code § 18-915(3) provides: "[f]or committing a violation of the provisions of section 18-903, Idaho Code, except unlawful touching as described in section 18-903(b), Idaho Code, against the person of a former or present peace officer, sheriff or police officer . . . the offense shall be a felony . . . ." I.C. § 18-915(3).

[3]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## A.     Preserving Arguments for Appeal

We first turn to the issue of whether the State preserved its arguments for appeal. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

Castrejon asserts the State made no argument regarding the plain language of the statute below. Therefore, the State may not argue that the district court's decision was erroneous based on the plain language of the statute on appeal.

The State asserts the issue of whether the language "touching and/or striking" a law enforcement officer charged a felony under the applicable statutes was squarely raised and decided by the district court, and may thus be challenged on appeal. The State argues that its position has always been that the inclusion of misdemeanor language regarding touching in the information was an "and/or" alternative, or a lesser included offense, to the felony of striking under I.C. §§ 18-903(b), 18-915(3). We agree.

A review of the record shows that the State consistently argued that it had charged felonies under I.C. § 18-915(3) because of the language regarding striking in the information. That position is set forth at Castrejon's change of plea hearing where the district court sua sponte raised the issue of whether the information charged felonies, as opposed to misdemeanors. The court expressed its concern that the plain language of I.C. § 18-915(3) excepted both "touching" and "striking" from its felony provisions and read relevant portions of the statute aloud to the parties. In response to the court's concern about the language of I.C. § 18-915(3), and without the benefit of briefing the issue before the hearing, the State argued: (1) the inclusion of the touching language in the information was a clerical error, (2) the information nevertheless charged Castrejon with touching "and/or" striking the officers, (3) the misdemeanor touching was a lesser-included offense to the felony striking, and (4) Castrejon did more than just touch the officer and the deputy sheriff. It is true that much of the State's argument below focused on the wording the State used in the information, but the substance of the State's argument before the district court is the same argument it makes on appeal: the information charged Castrejon with striking two law enforcement officers and "striking" is a felony offense under I.C. § 18-915(3).

Moreover, Castrejon's counsel conceded at the change of plea hearing that another prosecutor involved in the case had taken this position prior to the change of plea hearing. Castrejon's counsel acknowledged at the change of plea hearing that he had brought the issue of the misdemeanor "touching" language in the information to the prosecutor's attention, but that the prosecutor believed the "and/or striking" language in the information was sufficient. Accordingly, although less articulately presented below, the State's argument that it charged Castrejon with a felony under I.C. § 18-915(3) is preserved for appeal.

**B.     Invited Error**

Second, we address whether the invited error doctrine precludes the State from raising the plain language argument on appeal. Castrejon asserts the invited error doctrine precludes the State from raising the plain language argument on appeal because the State acquiesced in the district court's decision to remand the case for lack of jurisdiction by agreeing with the district court's interpretation of I.C. § 18-915(3). Castrejon relies on the following portion of the transcript:

| | |
|---|---|
| COURT: | Well, but subsection (1) of--or subsection (a) charges a battery as force or violence. Subsection (2) is touching--unlawful touching or striking. Subsection (3) is causing bodily injury. So isn't subsection (2) the language that the legislature has excepted out as far as the felony's concerned? |
| [STATE]: | Well, I think I would have to agree with the Court there that, yes, that is the case, but as I mentioned, the language in our Information was a clerical--obviously, not one without impact, but it was a clerical error. |

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

The State asserts that Castrejon's reading of the prosecutor's statement expressing some agreement with the court as abandoning or refuting the previously made argument that although there was misdemeanor language in the charge, it was a clerical error that could be treated as a

4

lesser-included offense, and that the striking language was sufficient to charge a felony is untenable.  We agree.

Taking the fact that neither party briefed the issue beforehand and that the district court raised the issue of whether the information charged misdemeanors rather than felonies sua sponte into consideration, we rely on a broader portion of the transcript than Castrejon:

COURT:     Before I proceed, I have a question for both counsel, because in reviewing the Information in this matter, the defendant in both counts is charged with actually, intentionally, and unlawfully touching and/or striking the officer, and the question I have is why is that not a misdemeanor offense?

[STATE]:     Your Honor, that was a--basically, I suppose, what could be called a clerical error in the Information.

. . . .

COURT:     Well, I guess, what is--you know, if we look at 18-915(3), subsection (3) says that:  For committing a violation of the provisions of 18-903, Idaho Code, except unlawful touching as described in section 18-903(b), then the penalty is 5 years.  Clearly, the penalty is not 5 years.  The penalty for unlawful touching, as described in section 18-903(b), would be 1 year and $2,000.  But unlawful touching, as described in 18-903(b), is touching or striking.  So whether you touch or strike, why isn't that a misdemeanor offense?

[STATE]:     Well, Your Honor, I think the facts in this case, if they were presented to the Court--the State would have a very strong argument that more than touching was done, that the officer--

COURT:     Well, I understand that, but the Information as charged is charged--I think, under the plain reading of the statute is charged as a misdemeanor and not as a felony.

[STATE]:     Well, and I guess the State's answer to that, Your Honor, would be that the misdemeanor could be possibly argued as a lesser included with the way the language is with that and/or language in there.

. . . .

COURT:     Well, I understand that, but the unlawful touching or striking is described in--striking is the--why isn't striking the same as touching?

[STATE]:     Well, it's my understanding, Your Honor, striking would be--I don't have the statute in front of me, but my understanding would be striking would be with force with perhaps an intent to cause injury.  And maybe that's not necessarily in the statute, but I think there is a difference between--

COURT:     Well, but subsection (1) of--or subsection (a) charges a battery as force or violence.  Subsection (2) is touching--unlawful touching or striking.  Subsection (3) is causing bodily injury.  So isn't

5

> subsection (2) the language that the legislature has excepted out as far as the felony's concerned?
>
> [STATE]: Well, I think I would have to agree with the Court there that, yes, that is the case, but as I mentioned, the language in our Information was a clerical--obviously, not one without impact, but it was a clerical error.

Our review of the transcript reveals that the prosecutor's stated agreement with the district court's analysis at the end of the colloquy did not induce the error complained of on appeal as it was the district court that sua sponte raised the issue of whether the information charged misdemeanors as opposed to felonies under I.C. § 18-915(3), not the State. Additionally, the extent of the State's agreement with the district court is ambiguous and, in context, did not invite the error.

The State did not acquiesce in the court's error by agreeing with the court at the end of the colloquy. The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to take a certain action from later challenging that action on appeal. *State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). The prosecutor's partial agreement with the district court did not cause or play an important role in prompting the trial court to determine that under the plain language of I.C. § 18-915(3), the State had charged only misdemeanors. The prosecutor's suppressed agreement with the district court is, at best, ambiguous. The prosecutor, in the same breath, continued to refer only to the language of the information that was excepted from I.C. § 18-915(3) and that was previously referenced as a clerical error, that is, the touching language. In this context, we conclude the State did not cause or play an important role in prompting the trial court to take a certain action, thus the State did not acquiesce in the court's error by stating: "I would have to agree with the Court."[4] Accordingly, the invited error doctrine does not apply to preclude the State's argument on appeal.

**C.     Plain Language of Idaho Code § 18-915(3)**

Third, we address the plain language of I.C. § 18-915(3). The State asserts the district court erroneously concluded that unlawfully striking an officer is excepted from those acts that constitute felony battery under I.C. § 18-915(3). Over questions of law, we exercise free review.

---

[4]     *See State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999) (statement "we would concur" after court announced intent to give particular instruction did not invite any error in giving that instruction).

*State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The statutory language at issue here is plain and unambiguous; thus, we begin with the literal words of I.C. § 18-915(3) giving them their plain, obvious, and rational meaning. A battery is any "(a) [w]illful and unlawful use of force or violence upon the person of another; or (b) [a]ctual, intentional and unlawful touching or striking of another person against the will of the other; or (c) [u]nlawfully and intentionally causing bodily harm to an individual." I.C. § 18-903. A battery charged under I.C. § 18-903 is a misdemeanor. *See* I.C. § 18-904. However, it is a felony to commit "a violation of the provisions of section 18-903, Idaho Code, except unlawful touching as described in section 18-903(b), Idaho Code, against the person of a former or present peace officer, sheriff or police officer" under certain conditions. I.C. § 18-915(3).

Castrejon argues the plain language of the statute excepts all acts described in I.C. § 18-903(b), including striking, from the felony provisions of I.C. § 18-915(3), and therefore both touching an officer and striking an officer are misdemeanors. The district court concluded both unlawful touching and striking are excepted from those acts that constitute felony battery on an officer under I.C. § 18-915(3).

7

The State argues the plain language of I.C. § 18-915(3) shows that striking an officer is a felony. According to the State, there are five actions that can constitute a battery under I.C. § 18-903: using force, using violence, touching, striking, or causing bodily harm. The State argues the plain language of the statute excepts only unlawful touching from those acts that constitute felony battery under the provisions of I.C. § 18-915(3), and therefore striking an officer is a felony. We agree.

The plain language of the statute excepts only unlawful touching from the felony provision of I.C. § 18-915(3). We must presume that "a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted). In I.C. § 18-915(3) the legislature directed that, "For committing a violation of the provisions of section 18-903, Idaho Code, *except unlawful touching* as described in section 18-903(b), Idaho Code . . . the offense shall be a felony." I.C. § 18-915(3) (emphasis added). Because the statute's plain language only uses the language "except unlawful touching," we must presume that the legislature meant to except only unlawful touching from those acts that constitute a felony under I.C. § 18-915(3).

Moreover, we cannot insert the term "striking" into the language of I.C. § 18-915(3). If we were to agree with Castrejon and the district court, we would be inserting the term "striking" into the language of I.C. § 18-915(3). Courts cannot insert into statutes terms or provisions which are obviously not there. *In Re Adoption of Chaney*, 126 Idaho 554, 558, 887 P.2d 1061, 1065 (1995) (citations omitted). It is obvious that the term "striking" does not appear in the plain language of I.C. § 18-915(3), and we therefore cannot read "striking" into the statute.

Furthermore, if the legislature had intended to exclude both touching and striking from the felony provisions of I.C. § 18-915(3), it could have done so in the plain language of the statute. The legislature could have parroted the exact language it used in I.C. § 18-903(b): "For committing a violation of the provisions of section 18-903, Idaho Code, except *unlawful touching [or striking]* as described in section 18-903(b), Idaho Code, against the person of a former or present peace officer, sheriff or police officer . . . the offense shall be a felony." I.C. § 18-915(3) (emphasis added). Alternatively, the legislature could have referred to I.C. § 18-903(b) generically: "For committing a violation of the provisions of section 18-903, Idaho Code, *except [violations] as described in section 18-903(b)*, Idaho Code, against the person of a former or present peace officer, sheriff or police officer . . . the offense shall be a

8

felony." *Id.* Although the legislature could have, it did not parrot the language from I.C. § 18-903(b) nor did it refer to violations of I.C. § 18-903(b) generically when it enacted I.C. § 18-915(3). For these reasons, the district court erred by concluding that unlawful striking is excepted from those acts that constitute felony battery under I.C. § 18-915(3).

Finally, we address whether the information charged Castrejon with felonies or misdemeanors. Count I of the information alleged Castrejon "did actually, intentionally, and unlawfully, touch and/or *strike* the person of [the officer], against his will by *striking* him in the face" (emphasis added). Count II alleged Castrejon "did actually, intentionally, and unlawfully, touch and/or *strike* the person of [the deputy sheriff] against her will by kicking her multiple times in her knee" (emphasis added). Both counts of the information charged Castrejon with striking a law enforcement officer in violation of I.C. § 18-915(3). For the reasons discussed above, the information charged Castrejon with two felony counts of battery.

### III.

### CONCLUSION

The State preserved its arguments for appeal and did not invite any errors complained of on appeal. The plain language of I.C. § 18-915(3) is unambiguous and excepts only unlawful touching in violation of I.C. § 18-903(b) from the felony provisions of I.C. § 18-915(3). The information charged Castrejon with two felony counts of battery because it charged Castrejon with striking the police officer and the deputy sheriff. Accordingly, we reverse the district court's order remanding the case to the magistrate court for lack of jurisdiction and remand this matter to the district court for further proceedings.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

9