# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44367

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 664** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 14, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BRANDON WAYNE ESTES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order revoking probation, affirmed.

Brandon W. Estes, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Brandon Wayne Estes appeals from the district court's order revoking his probation and executing his previously suspended sentence after his termination from the mental health court. Estes alleges that he was terminated from the mental health court program without due process of law in violation of the Fourteenth Amendment. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Estes was charged with felony domestic violence with a persistent violator enhancement. Estes reached a plea agreement with the State, wherein the State agreed to dismiss the persistent violator enhancement in return for Estes pleading guilty to felony domestic violence. The plea agreement also contained a sentencing recommendation, which included a unified six-year sentence with a two and one-half year determinate term, probation, and mental health court,

1

provided Estes was accepted. If however, Estes was not accepted into mental health court, the State would recommend the court retain jurisdiction.

Estes subsequently qualified for and was accepted into the mental health court. Pursuant to the plea agreement, the State dismissed the persistent violator enhancement, and Estes pleaded guilty to felony domestic battery. The district court sentenced Estes to a unified term of six years, with a minimum period of confinement of two and one-half years, suspended the sentence, and placed Estes on supervised probation for a period of four years, with the stipulation that Estes complete the mental health court program. During Estes' participation in the program, he violated several program rules and was sanctioned six times within four and one-half months. Estes was also evicted from his housing three months after being placed on probation, occupancy of which was a condition of probation. Less than a month after his eviction, Estes was terminated from the mental health court program. The termination was decided during a regular mental health court meeting, and a formal letter of termination was issued. Consequently, the State filed a motion to revoke Estes' probation.

After a two-day evidentiary hearing regarding revocation of his probation, the district court found Estes had violated various terms and conditions of the mental health court, that termination was proper, and as such Estes was in violation of his probation for both his eviction from his housing and his termination from mental health court. Therefore, the district court revoked Estes' probation and imposed his suspended sentence. Estes timely appeals.

## II.

## STANDARD OF REVIEW

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

## III.

## ANALYSIS

On appeal, Estes contends that the mental health court judge denied Estes the due process prescribed under the Fourteenth Amendment to the United States Constitution when the judge terminated Estes from the mental health court program and that the district court's factual findings were clearly erroneous. Estes first argues that he pleaded guilty as a condition to

entering the program and thus waived his right to assert his innocence in front of a jury. Estes therefore argues that he had a separate liberty interest in continuing participation in mental health court. Because he had a separate interest in continuing in the program, he was entitled to due process prior to being terminated from that program. The State argues that participation in the program was a term and condition of Estes' probation, and he only had a liberty interest in continuing probation. The State argues, therefore, Estes was entitled to due process prior to having his probation revoked, which he was provided.

It is well settled in Idaho that a defendant who pleads guilty in order to enter a diversionary program has a liberty interest in remaining in the program. *State v. Rogers*, 144 Idaho 738, 741, 170 P.3d 881, 884 (2007). Moreover, the interest involved is analogous to that of probation or parole and, prior to revocation, the same process is due as in those proceedings. *Id.* at 742, 170 P.3d at 885. Thus, when the government seeks to terminate a parolee from parole, a probationer from probation, or a defendant from a diversionary program due process requires:

> (a) a written notice of the claimed violations of parole [probationer or defendant]; (b) disclosure to the parolee [probationer or defendant] of evidence against him; (c) opportunity to be heard in person and present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole [probation or diversionary program].

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *Rogers*, 144 Idaho at 742-43, 170 P.3d at 885-86.

This process is to be flexible and may be informal so long as the safeguards are provided. *Rogers*, 144 Idaho at 743, 170 P.3d at 886. It need not be equivalent to a separate criminal prosecution, and the drug court judge may preside over the termination proceedings. *Id.* Further, the neutral court may consider evidence which might not be admissible in a criminal trial, permitted the defendant is made aware of this evidence prior to the hearing. *Id.* Additionally, the evidence must be reliable and would assist the court in making its determination. *Id.* Finally, if the defendant is terminated subsequent to the termination hearing, the drug court judge may also serve as the sentencing judge. *Id.* ("[I]nformation from the termination proceedings would be admissible in a sentencing hearing.").

3

Estes argues that his sentencing situation is identical to the defendant's in *Rogers*, maintaining that his placement in mental health court was "placement in a diversionary program," successful completion of which would result in the dismissal of his case. Conversely, the State argues that Estes' participation in mental health court was not placement in a diversionary program with a promise that the case would be dismissed upon successful completion, but instead completion of mental health court was a term and condition of probation.

In *Rogers*, the defendant, after pleading guilty but prior to sentencing, was placed in drug court as a diversionary program. *Id.* at 739, 170 P.3d at 882. After various violations of the program's rules, the defendant was terminated from the program without a formal hearing and immediately sentenced. *Id.* at 740, 170 P.3d at 883. The *Rogers* court reasoned that a defendant has a liberty interest in remaining in a diversionary program when he pleads guilty in order to enter the program because he is no longer able to assert his innocence if expelled from the program. *Id.* at 741, 170 P.3d at 884. Further, a defendant enjoys a cognizant liberty interest in remaining in a diversionary program, requiring due process, because prior to termination he lives in society, though subject to restrictions of complying with the program's rules, and after his termination he is incarcerated. *Id.* at 742, P.3d at 885. Moreover, a defendant pleads guilty in order to participate in a diversionary program, and termination results in being criminally sentenced and having a felony conviction appear on his record. *Id.*

Here, the record does not contain any evidence of Estes' assertion that the State would dismiss the case after successful completion of mental health court. We have not been provided with the transcripts of the plea hearing and are therefore left with the written plea agreement and the district court's findings of fact in the probation hearing.

It is well established that an appellant bears the burden to provide an adequate record upon which the appellate court can review the merits of the claims of error. *State v. Beck*, 128 Idaho 416, 422, 913 P.2d 1186, 1192 (Ct. App. 1996); *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). Where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992).

Insofar as the record reflects, the State agreed to dismiss the persistent violator enhancement in exchange for Estes pleading guilty to domestic violence and that successful

participation in mental health court was a condition of probation. Nothing in the record suggests that successful completion of the program would result in dismissal of the case in its entirety. Therefore, a guilty conviction would appear on Estes' record regardless of his success or failure in mental health court. Additionally, Estes' placement in mental health court was post-sentence, unlike the presentence placement in *Rogers*. Estes was not diverted from the court system but, instead, was sentenced within it. Moreover, the mental health court program was not a diversionary program, but instead treatment as part of his probation. Therefore, Estes was not entitled to due process before termination from mental health court.

Estes also argues that the district court lacked authority to reinstate him into mental health court, and therefore the criminal proceeding in which his probation was revoked could not provide him due process. The State argues that because Estes was on probation his liberty interest was in continuing probation and not in continuing in mental health court. Therefore, he was entitled to due process prior to revocation of probation. *State v. Rose*, 144 Idaho 762, 766, 171 P.3d 253, 257 (2007). Estes' argument confuses what liberty interest he had. Because there was no agreement to dismiss the case upon successful completion of the program, Estes did not have the same liberty interest as the defendant in *Rogers*. Instead, Estes had a liberty interest in continuing probation, entitling him to due process prior to revocation of probation. *Id.*

Prior to revoking probation, Estes was provided with written notice of the probation violation allegations. He was arraigned and appointed counsel. He had a two-day evidentiary hearing, in which witnesses were presented and adverse witnesses were cross-examined, and the district court made written findings of fact. Therefore, Estes was provided with the requisite due process.

Finally, Estes argues the district court lacked substantial and competent evidence to substantiate the mental health court judge's decision to terminate Estes from the program because one of the alleged violations occurred prior to sentencing. The State argues that the presentence missed appointment is relevant to whether Estes complied with the terms of his probation and was not the sole reason for termination from mental health court.

The letter of termination from the mental health court references violations which occurred after Estes had been sentenced. The record reflects the district court considered the various violations testified to at the revocation proceedings. Further, testimony presented at the probation revocation proceedings supports the district court's determination that revocation was

5

appropriate. Accordingly, there was substantial and competent evidence to support the decision to terminate Estes from mental health court.

## IV

## CONCLUSION

Pursuant to a plea agreement, Estes pleaded guilty to domestic violence, was sentenced, had his sentence suspended, and was placed on probation with completion of the mental health court program as a term and condition of his probation. Dismissal of his case upon successful completion of mental health court was not a term of his plea agreement. Therefore, Estes had a protected liberty interest in continued probation only. After violating various mental health court conditions and termination from the program, Estes was provided due process prior to revocation of his probation. Therefore, Estes' constitutional due process rights were not violated. Additionally, substantial and competent evidence presented at the revocation hearing supported the district court's factual findings. Accordingly, the district court's order revoking Estes' probation is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.