**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48742**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 30, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WILLIAM PAUL POSTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order revoking withheld judgment and reinstating probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

William Paul Poston appeals from the order revoking his withheld judgment and reinstating his probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After Poston pled guilty to felony injury to child, the district court withheld judgment and placed him on probation for seven years. Three years later, the State moved for a bench warrant and order revoking Poston's probation, alleging he violated his probation by frequenting an "establishment where alcohol is the main source of income" and by failing to pay court fees, supervision costs, and restitution.

1

During the evidentiary hearing on the State's motion, Poston's probation officer testified that Poston admitted frequenting a bar in downtown Boise two years prior. Although the probation officer testified that the primary source of income for the bar was the sale of alcohol, she indicated on cross-examination that she had not visited the bar in more than a decade. The probation officer and a restitution coordinator with the prosecutor's office further testified that Poston had not made payments toward his outstanding restitution or court fees obligations for more than a year. At the conclusion of the evidentiary hearing, Poston argued (among other things) that the State failed to prove the frequenting allegation because there was "no credible testimony that the [bar] is any sort of establishment where [the] main source of income is alcohol." After taking judicial notice of the fact that alcohol is the main source of income for the bar, the district court found that Poston willfully violated his probation by frequenting an establishment where alcohol is the main source of income and by failing to pay court fees, supervision costs, and restitution. The district court then revoked Poston's withheld judgment, sentenced him to a unified, aggregate term of seven years (with a minimum period of confinement of two years), suspended the sentence, and placed him back on probation for seven years. Poston appeals.

## II.

## STANDARD OF REVIEW

Decisions admitting evidence in probation revocation proceedings are reviewed for an abuse of discretion. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). The decision to take judicial notice of an adjudicative fact is also reviewed for an abuse of discretion. *Rome v. State*, 164 Idaho 407, 413, 431 P.3d 242, 248 (2018). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Poston argues the district court erred by taking judicial notice of the fact that the main source of income of the bar he frequented is alcohol, arguing that relying upon a judicially noticed

fact to revoke his probation violated both due process and I.R.E. 201. The State responds that Poston's constitutional challenge is not preserved and his evidentiary challenge fails to establish reversible error. We hold that Poston's due process argument is not preserved for appeal and that any error in the decision to take judicial notice was harmless.

## A. Due Process

Probation revocation proceedings need not provide the full panoply of procedural safeguards afforded in criminal prosecutions. *See Rose*, 144 Idaho at 765, 171 P.3d at 256. Thus, probationers do not have a right to confront adverse witnesses under the Sixth Amendment in revocation proceedings. *Id.* at 766, 171 P.3d at 257. However, probationers do have a protected liberty interest in continued release on probation. *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). Consequently, probation revocation proceedings must satisfy the requirements of due process by, among other things, providing probationers with the "right to confront and cross-examine adverse witnesses," unless the trial court "specifically finds good cause for not allowing confrontation." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also State v. Chapman*, 111 Idaho 149, 151, 721 P.2d 1248, 1250 (1986).

On appeal, Poston contends that judicially noticing the fact that alcohol is the main source of income of the bar he frequented violated due process by improperly depriving him of the opportunity to confront adverse witnesses without good cause. Poston does not develop this argument, however, by identifying a particular witness who he was not permitted to confront and cross-examine. Thus, Poston's ostensible, unstated argument seems to be that judicially noticing that alcohol is the primary source of income for the bar he frequented deprived him of the opportunity to confront a hypothetical witness who would have testified to the main source of income for the bar. Even if this argument alleges a legitimate violation of the due process right to confrontation,[1] issues not raised below generally may not be considered for the first time on appeal.

---

[1]  Generally, a violation of the right to confrontation involves the admission into evidence of a testimonial hearsay statement by a declarant who is unavailable to testify and was not subject to prior cross-examination. *See State v. Stanfield*, 158 Idaho 327, 332, 347 P.3d 175, 180 (2015) (discussing the right to confrontation under the Sixth Amendment); *see also Rose*, 144 Idaho at 768, 171 P.3d at 259 (observing that cases interpreting the Sixth Amendment Confrontation Clause define what confrontation is in the probation revocation context).

*See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). To properly preserve an issue for appeal, a party must present both the issue and the party's position on the issue to the district court. *State v. Wilson*, 169 Idaho 342, 347, 495 P.3d 1030, 1035 (2021). Although a party may present refined legal arguments on an issue considered and decided by the court below, we cannot decide new legal issues in the first instance. *State v. Temple*, 170 Idaho 148, 153, 508 P.3d 1222, 1227 (2022).

Poston acknowledges that he "did not specifically cite [his] due process right to confront witnesses" during the probation revocation proceedings before the district court. Nevertheless, Poston contends that "such an objection is encompassed in the broad objection" his counsel lodged in the evidentiary hearing, asserting that the State had to prove he violated his probation "by a preponderance of the evidence through evidence." According to Poston, this broad assertion preserved the due process argument he raises on appeal because the purpose of an evidentiary hearing is "to contest the State's evidence, and the way to contest the State's evidence is to confront it." However, Poston does not cite to a portion of the record indicating that the district court perceived the challenge to the sufficiency of the evidence submitted during the evidentiary hearing as *also* presenting a due process challenge based on the reasoning he advances on appeal. To the contrary, the record shows that the district court focused on whether judicially noticing the main source of income for the bar would comply with I.R.E. 201--without considering possible confrontation issues. Poston failed to cite his constitutional right to due process as a basis for objecting to the district court taking judicial notice that alcohol is the main source of income of the bar Poston frequented. The lack of objection on this ground deprived the district court of the opportunity to consider the issue and rule accordingly. Defendants cannot slumber on a defense, take no exception to an adverse ruling, and then attempt to present the defense for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 276, 396 P.3d 700, 705 (2017). Consequently, we will not consider the merits of Poston's argument that his due process right to confrontation was violated.

**B.    Judicial Notice**

Poston argues that the district court erred by taking judicial notice of the fact that the main source of income of the bar he frequented is alcohol because that fact "is not the type of information the district court can take judicial notice of under [I.R.E.] 201." Courts may not revoke probation

4

absent a finding the probationer violated the terms of probation. *Rose*, 144 Idaho at 765, 171 P.3d at 256. The State bears the burden of proving such a violation by a preponderance of evidence. *See State v. Ross*, 170 Idaho 58, 64, 507 P.3d 545, 551 (2022) (holding that the trial court did not err in finding by a preponderance of the evidence that a probationer violated his probation by committing petit theft). If the State satisfies its burden, the trial court has the discretionary authority to revoke probation. *Rose*, 144 Idaho at 765, 171 P.3d at 256.

As previously stated, probation revocation proceedings must satisfy the requirements of due process, but need not provide all the procedural safeguards afforded in criminal prosecutions because probationers have already been convicted of a crime. *See id.* Due process is a flexible standard and, in the probation context, permits consideration of evidence potentially inadmissible in a criminal trial. *See id.* Accordingly, with the exception of rules governing privilege, the Idaho Rules of Evidence do not apply during probation revocation proceedings. I.R.E. 101(e)(3). Consequently, even if finding alcohol was the main source of income for the bar Poston frequented is not the type of information noticeable under I.R.E. 201, it does not necessarily follow that the district court erred.

Nevertheless, even though evidentiary restrictions are relaxed in probation revocation proceedings, they are not altogether absent. A decision to revoke probation must be based upon "verified facts" and an "accurate knowledge" of the probationer's behavior. *See Morrissey*, 408 U.S. at 484 (discussing the informal hearing structure of state parole hearings); *State v. Rogers*, 144 Idaho 738, 742, 170 P.3d 881, 885 (2007) (observing that the United States Supreme Court has held that, when revoking probation, the State must provide the same process as in the revocation of parole). Although procedural rules are subordinate to the dictates of due process, *see State, Bureau of Child Support Servs. v. Garcia*, 132 Idaho 505, 511, 975 P.2d 793, 799 (Ct. App. 1999), compliance with Idaho's court rules generally will provide litigants with due process. Thus, despite being largely inapplicable in the probation revocation context, the Idaho Rules of Evidence still provide helpful guidelines to ensure a trial court's findings in revocation hearings are based upon verified facts and accurate knowledge, the touchstones of due process in the probation context. *See United States v. Bari*, 599 F.3d 176, 179 (2nd Cir. 2010) (applying F.R.E. 201 "in some relaxed form" to review a trial court's performance of an internet search "to confirm its intuition that there are many types of yellow rain hats for sale"); *cf. Marshall v. Bramer*,

828 F.2d 355, 358 (6th Cir. 1987) (applying F.R.E. 201 as a guideline in affirming a trial court taking judicial notice when ruling on a pretrial discovery motion).

However, we need not determine whether the district court's decision to take judicial notice of the fact that alcohol is the bar's main source of income was erroneous if any error in the decision was harmless. When a discretionary ruling has been tainted by legal or factual error, we ordinarily vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. *See State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct. App. 1985). However, a remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *McDonald v. State*, 124 Idaho 103, 107, 856 P.2d 893, 897 (Ct. App. 1992); *Dyer v. State*, 115 Idaho 773, 776, 769 P.2d 1145, 1148 (Ct. App. 1989).

In addition to the allegedly erroneous frequenting violation, the district court found that Poston violated his probation by failing to pay court fees, supervision costs, and restitution. Poston does not challenge these additional violations. Accordingly, the issue we must address is whether the district court would have revoked Poston's probation based upon these unchallenged violations.

The record does not show, nor does Poston argue on appeal, that either the number of violations or the frequenting violation in particular played a significant role in the district court's decision to revoke his probation. To the contrary, the district court noted during the disposition hearing that the principal consideration in determining whether to revoke Poston's probation was protection of the public and his original victim--his son. On this point, the district court was particularly concerned with Poston's mental health. Poston had been diagnosed with antisocial personality disorder--a disorder the district court indicated was not treatable with medication and would require life-long management. In relation to Poston's rehabilitative prospects, the district court further noted its concern that, despite some progress, Poston "can be manipulative" and "try different avenues" to get what he wants. When discussing Poston's probation violations, the district court noted that they did not "directly relate to any violent conduct" or "conduct that's independently illegal." However, the violations were troubling as the purpose of probation conditions is to ensure probationers are "appropriately monitored and not doing things that might get them in trouble or in danger." Notably, of the violations the State alleged Poston committed,

6

only his failure to pay court fees, supervision costs, and restitution were ongoing when the revocation proceeding occurred. In contrast, Poston's alleged frequenting of the bar occurred nearly two years prior to the motion to revoke his probation and apparently had not reoccurred. At the time of the disposition hearing, however, Poston was behind in his payments toward his court fees, supervision costs, and restitution.

The district court summarized its reasoning for revoking Poston's probation as follows:

> So taking into account my goal--first goal of protecting the public and my continued worry that Mr. Poston really does want to have a relationship with his kids, I think he wants to be doing it an appropriate way, I continue to worry about his ability to do so given--given his ongoing mental health. And I do agree with [the State's attorney] that mental health is a life-long condition that you will have to deal with the rest of your life, and in that regard, you're not different than a lot of people. A lot of people have mental health conditions that just require life-long maintenance and attention. And I think that's you from the record presented.
> So to try to balance all those interests, in the exercise of this Court's discretion I am going to revoke your probation and revoke the withheld judgment in this case. I'm going to impose a sentence of two years fixed and five years indeterminate for a unified sentence of seven years and place you on probation for seven years.

Conspicuously absent from this summary is a reference to Poston's alleged frequenting of the bar while on probation. Accordingly, the above discussion shows that the district court based its probation revocation and sentencing decisions upon concerns over Poston's mental health, not the allegedly erroneous frequenting violation. As a result, we conclude that any error in the district court's decision to take judicial notice of the main source of income of the bar was harmless. Thus, it is unnecessary to address the parties' arguments regarding whether the decision to judicially notice that fact was error.

## IV.

## CONCLUSION

Poston's constitutional due process claim is not preserved; therefore, we decline to consider it. Poston has failed to show reversible error in the district court's decision to take judicial notice of the fact that alcohol is the main source of income of the bar he admitted he frequented. Accordingly, the order revoking Poston's withheld judgment and reinstating his probation is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.