**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50854**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: October 25, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| SHERYL D. ROBERTSON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Disposition judgment, probation violation(s) revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant. Ben P. McGreevy, argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen, argued.

_____

HUSKEY, Judge

Sheryl D. Robertson appeals from the district court's disposition judgment revoking her probation. Robertson argues the district court violated her due process rights and that such error rises to the level of fundamental error. Robertson was afforded the due process provided for in the Idaho Rules for Treatment Court. The district court's disposition judgment revoking Robertson's probation is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Robertson pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified ten-year sentence,[1]

---

[1]     We note that the maximum sentence for this offense is seven years, and the error was not corrected until approximately seven years after imposition of sentence.

1

with four years determinate, and retained jurisdiction. After completing a period of retained jurisdiction, the district court suspended Robertson's sentence and placed her on probation for a period of four years. Robertson later admitted to violating her probation. The district court revoked her probation, executed the previously suspended sentence, and again retained jurisdiction. Robertson completed her second period of retained jurisdiction, and the district court suspended the sentence and placed her on probation for a period of three years.

About a year later, Robertson again admitted to violating her probation. The district court issued an order continuing Robertson on probation and ordered an additional term of probation that required her to successfully complete Butte County Drug Court. The district court also allowed the Butte County probation officer to require Robertson to apply for Bonneville County Problem Solving Court (Wood Court), a treatment court, if space became available. Eventually, Robertson was accepted into Wood Court, and the district court entered an order transferring Robertson from Butte County Drug Court to Wood Court.

Robertson had some challenges with the Wood Court requirements. She filed[2] several motions pro se, including a motion to represent herself; a motion to reconsider her placement in Wood Court and to transfer her back to Butte County Drug Court; and a motion to stay any future sanctions by Wood Court that might be imposed based on her request to be transferred out of Wood Court. The district court appointed Robertson a public defender.

The Wood Court staffing team sought six days of jail time as a sanction against Robertson for violating one of the terms of Wood Court by having "unauthorized associations"; the motion was granted. On May 2, 2023, the Wood Court judge granted the Wood Court staffing team's request to hold Robertson in jail until further notice due to her "associations." On the morning of May 3, 2023, the Wood Court judge held an initial hearing on the motion to terminate Robertson from Wood Court. That same morning, the prosecutor filed a motion to terminate Robertson from Wood Court and Robertson was served a copy of the motion to terminate her from Wood Court along with a notification of rights form. Later that same day, Robertson signed a waiver of rights for termination from treatment court and waived her right to a termination hearing. The Wood Court judge terminated Robertson from Wood Court and referred Robertson back to the district

---

[2]     None of the documents contain a file stamp but are dated approximately two months before sanctions were sought in Wood Court for Robertson's violations and sought to terminate Robertson from drug court.

court in her underlying criminal case for further proceedings. The record is not clear whether Robertson waived her rights in a hearing before the Wood Court judge or whether the waiver was simply filed by her attorney.

The district court then scheduled a hearing in the underlying criminal case.[3] At the hearing, the district court revoked Robertson's probation and executed her previously suspended sentence but reduced the determinate portion of her sentence from four years to three years. Robertson appealed.

## II.

## STANDARD OF REVIEW

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). The determination whether constitutional requirements have been satisfied in probation revocation proceedings is subject to free review. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007).

## III.

## ANALYSIS

Robertson argues the district court violated her due process rights in revoking her probation. Robertson argues the unobjected to error rises to the level of fundamental error. The State argues the district court properly afforded Robertson due process in revoking her probation because the district court complied with the I.R.T.C.

Probationers do not enjoy the full panoply of constitutional protections afforded criminal defendants. *Rose*, 144 Idaho at 765, 171 P.3d at 256. A motion to revoke probation is not a criminal prosecution. *Id.* at 766, 171 P.3d at 257. Still, a probationer has a protected liberty interest in continuing probation and is therefore entitled to due process before probation may be revoked. *Id.* In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Court established minimum due process requirements for probation and parole revocation proceedings pursuant to the Fourteenth Amendment. *Morrissey*, 408 U.S. at 488-89.

Robertson argues the district court did not afford her the minimum due process requirements because Robertson did not have written notice of the alleged probation violation, an

---

[3]    The record does not contain a copy of the order setting hearing but does contain the order to transport Robertson to that hearing.

3

opportunity to be heard on the alleged violation, and the right to confront and cross-examine adverse witnesses. Robertson cites United States Supreme Court and Idaho cases establishing the due process rights afforded to probationers. Further, Robertson argues that by proceeding directly to disposition after she was terminated from Wood Court, the district court deprived her of an evidentiary hearing that she was entitled to. The State argues that Robertson was afforded due process because she received notice of the grounds for seeking termination from drug court, waived her right to a termination hearing, and "request[ed] and consent[ed] to proceed directly to a Sentencing Hearing." The State asserts that because the district court complied with the applicable I.R.T.C., Robertson was not entitled to have a second evidentiary hearing.

As part of her probation, Robertson was required to complete an Idaho treatment court program. Treatment courts are subject to a set of rules and procedures adopted by the Idaho Supreme Court. I.R.T.C. 1(b). Idaho Rule for Treatment Court 17 designates the procedures regarding termination from treatment court. If a treatment court judge, after consultation with the treatment court team, finds that a participant may no longer be amenable to supervision within the treatment court, the treatment court judge shall advise the participant that it has been proposed that they may be terminated from the treatment court. I.R.T.C. 17(a).

The procedure set forth in I.R.T.C. 17 provides the same procedural due process protections afforded to probationers facing a probation violation allegation. For example, pursuant to I.R.T.C. 17(f):

> A participant shall be advised by the Treatment Court Judge of the proposal to terminate the participant from that Treatment Court. After the filing of the state's motion for termination, the participant shall be advised of the alleged grounds for termination, the date and time set for the termination hearing, and any terms of bail imposed, pending the termination hearing.

Pursuant to I.R.T.C. 17(g), a participant is entitled to a notification of rights prior to a termination hearing that includes the following:

(1) that the participant has the right to require the State to disclose the evidence against the participant;
(2) that the participant is not required to make a statement and that any statement made may be used against the participant;
(3) that the participant has the right to be self-represented and to present the case without the aid of an attorney;
(4) that the participant has the right to hire counsel of the participant's own selection, or if indigent, have counsel by court appointment;
(5) that the participant may admit or deny any allegation presented against the participant;

4

(6) that if the participant denies the allegation(s), the case will proceed with an evidentiary hearing.

Should a defendant elect to have a termination hearing, the burden of proof is the same as if the proceeding were a probation violation evidentiary hearing. I.R.T.C. 17(g)(7)(A); *see State v. Ross*, 170 Idaho 58, 63, 507 P.3d 545, 550 (2022) (holding trial court did not err in finding by preponderance of evidence that probationer violated his probation by committing petit theft). The participant in both a termination hearing and a probation violation hearing has the right to confront and cross-examine witnesses, call the participant's own witnesses, present evidence, and subpoena witnesses at no cost to the participant. I.R.T.C. 17(g)(7)(B); *Morrissey*, 408 U.S. at 489; *State v. Hass*, 114 Idaho 554, 556, 758 P.2d 713, 715 (1988). Further, the Idaho Rules of Evidence apply in a termination hearing to the same extent the rules apply in a probation violation hearing. I.R.T.C. 17(h). Also, like in a probation violation, I.R.T.C. 17(i) provides for a waiver of the termination hearing:

> A participant subject to a proposed termination from a Treatment Court may waive, either orally on the record or in writing, the notification of the grounds upon which termination is proposed and the participant's right to a termination hearing. A waiver of the hearing constitutes an admission to the allegations contained in the state's motion for termination. Upon waiver of the hearing, no additional hearing regarding violation of a term of probation or a violation of any condition of a presentence agreement of participation in Treatment Court is required.

In both a termination from treatment court and a probation violation evidentiary hearing, there must be a determination that any violation is willful. I.R.T.C. 17(g)(7)(A); *see also* I.C.R. 33(f) ("The court must not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.").

The treatment court followed the procedures set forth in I.R.T.C. 17. At the initial hearing on the motion to terminate Robertson from Wood Court, Robertson was represented by counsel, was informed that Wood Court filed a motion to terminate her from Wood Court, and was served with a copy of the motion to terminate and notification of rights form. The notification of rights form contained all the required information set forth in I.R.T.C. 17(g). The notification of rights form explicitly informed Robertson that if she admitted the allegations, the case would proceed to sentencing or disposition and the potential penalty could include the imposition of any previously suspended sentence.

5

The district court set an evidentiary hearing on the motion to terminate. However, instead of electing to proceed with the termination hearing, Robertson signed a "Waiver of Rights Regarding Termination from Treatment Court," wherein she: (1) waived her right to be advised of the grounds alleged by the State in support of the State's proposal to terminate her from treatment court; (2) waived her right to require the State to disclose the evidence against her for the State's proposed termination from treatment court; (3) waived her right to a termination hearing; and (4) requested and consented to proceed directly to a sentencing hearing. Further, Robertson acknowledged that she had been advised of the grounds alleged by the State to terminate her from treatment court and was satisfied that the State disclosed to her any evidence that may have been presented against her for her proposed termination from treatment court.[4]

After Robertson waived her rights to an evidentiary hearing, the district court was authorized by I.R.T.C. 18(b) to proceed with a probation violation disposition hearing without any additional procedures. Idaho Rule for Treatment Court 18(b) provides: "A motion for a probation violation or a violation of any condition of a presentence agreement of participation in Treatment Court is not required to be filed if an order of termination has already been entered in the record and the court may proceed directly to sentencing or disposition." In this case, the district court set a disposition hearing, which Robertson attended. Robertson had already been informed in her notification of rights form and the waiver of rights for termination from treatment court form that the district court could proceed directly to a disposition hearing.

At the disposition hearing, the district court stated, "As I understand it, this matter's set for, basically, a disposition after she was terminated from the Wood Court program." Robertson's trial counsel expressed concern about the matter stating, "I'm not sure where we go from here. Is the State going--whether the State's going to file a probation violation." The district court responded by stating:

> I think we're--I think we're otherwise set--set for disposition. [Robertson has] been terminated from Wood Court.
>     I--I--I don't know that a formal probation violation needs to be filed under the circumstances, that the notice of termination has been filed.

---

[4]     We note that in her reply brief, Robertson argues she did not knowingly, voluntarily, and intelligently execute the written waiver in treatment court. We decline to address issues raised for the first time in a reply brief. *State v. Kimbley*, 173 Idaho 149, 160, 539 P.3d 969, 980 (2023).

That there is a little bit of confusion under the new drug-court rules of who's going to do the disposition, if [the Wood Court judge] should have done it there or if there needs to be a probation violation now filed here, before this Court, to kind of activate the process and--and go through the normal probation-violation proceeding with the allegation being that she failed the drug court program.

The district court noted that Robertson waived the termination hearing and "basically voluntarily agreed to be terminated." In response, Robertson's counsel requested that the district court reschedule the disposition hearing to allow Robertson to apply to another problem-solving court before the district court proceeded with disposition. The State, asking the district court to take judicial notice of Robertson's termination from Wood Court and proceed with disposition, objected to Robertson's request to apply to another problem-solving court and argued that she had already been terminated from Wood Court, pointing to the history of Robertson's case and her termination from Wood Court. The district court agreed with the State, citing the order requiring Robertson to successfully complete Wood Court.

The district court noted that it could take judicial notice of the fact that Robertson was terminated from Wood Court. The Court went on to note:

> [Robertson] had an opportunity to have--have, basically, a probation-violation hearing before [the Wood Court Judge] Judge Wood--Judge Savage--that's the process there--where she was afforded an opportunity for counsel and advised of her rights.
> And she waived that hearing and basically agreed to be discharged from--from the Wood Court. And so I think I can just take judicial notice of that--that fact.

The district court proceeded with disposition, hearing argument from the State and Robertson's trial counsel, and a statement from Robertson. Before it revoked Robertson's probation, the district court held that:

> the court file reflects that you were provided with the problem-solving court rules contemplated as far as due process and problem-solving court setting.
> There was a motion filed to terminate you from Wood Court. You were advised of your--your--your rights with respect to those proceedings.
> And you--you signed--there's a document in the file that you signed waiving--waiving your rights regarding termination from problem-solving court, the Wood Court.

In this case, Robertson was provided with, and ultimately waived, the procedural due process protections provided by I.R.T.C. 17. Pursuant to I.R.T.C. 18(b), the district court had the discretion to proceed directly to disposition without any additional hearings. The district court complied with the rules set forth in the Idaho Rules of Treatment Courts.

7

Robertson does not argue that the district court did not comply with the Idaho Rules of Treatment Courts but instead asks this Court to hold that the district court violated Robertson's due process rights when it did not hold additional hearings to address whether Robertson violated the terms and conditions of her probation before proceeding to disposition. Robertson argues she was not provided notice, an opportunity to be heard on the alleged violation, and the right to confront adverse witnesses. However, Robertson was provided with and waived each of these procedural due process protections when she was terminated from Wood Court. Idaho Rule for Treatment Court 18(b) does not require any additional hearing be held before the court proceeds to sentencing or disposition.

The Idaho Supreme Court has inherent and exclusive authority to make rules governing practice and procedure in Idaho's state courts. *See* I.C. § 1-212; *State v. Samuel*, 165 Idaho 746, 756, 452 P.3d 768, 778 (2019). The treatment court rules, including I.R.T.C. 17 and 18, were approved and adopted by the Idaho Supreme Court. Because only the Idaho Supreme Court has the authority to create the rules, only the Supreme Court can amend or abrogate those rules. This Court declines to disregard the plain language of the rules or to determine whether a court rule promulgated and adopted by the Idaho Supreme Court meets constitutional requirements. The district court did not err in following the I.R.T.C. Because we do not find that the district court erred, we need not address Robertson's fundamental error argument.

## IV.

## CONCLUSION

The district court did not err in following the treatment court rules promulgated and adopted by the Idaho Supreme Court. Thus, the district court's disposition judgment revoking Robertson's probation and executing a reduced sentence is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.